Filed 2/5/24  P. v. Opada CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C098784 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-170477) |
| v. | |
| OPADA JOSEPH OPADA, | |
| Defendant and Appellant. | |

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the offenses are recounted in our prior opinion from defendant Opada Joseph Opada's initial appeal.  (*People v. Opada* (Jan. 31, 2023, C095530) [nonpub. opn.].)  As relevant here, in 2021, a jury found defendant guilty of attempted murder and assault with a deadly weapon.  As to the attempted murder conviction, the jury further found true allegations of premeditation, great bodily injury, and use of a deadly weapon. The trial court sentenced defendant to a term of life in prison "with the possibility of parole for the attempted murder, a consecutive four-year upper term for the assault with a

1

deadly weapon, a consecutive three-year term for [the] finding of great bodily injury, and a consecutive one-year term for [the personal] use of a deadly weapon." (*Ibid*.)

Defendant appealed and this court vacated defendant's sentence and remanded the matter for resentencing pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), effective January 1, 2022. (*People v. Opada*, *supra*, C095530.)

On remand, defendant waived his right to a jury trial on the aggravating circumstances and stipulated that the trial court could consider evidence presented at his 2021 jury trial. At trial, the court found true that (1) defendant's conduct involved great violence, great bodily harm, threat of bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness (Cal. Rules of Court, rule 4.421(a)(1)); (2) the assault victim was particularly vulnerable (*id*., rule 4.421(a)(3)); and (3) defendant engaged in violent conduct that creates a serious danger to society (*id*., rule 4.421(b)(1)). The court found not true that "[t]he manner in which the crime was carried out indicate[d] planning, sophistication, or professionalism." (*Id*., rule 4.421(a)(8).)

At resentencing, the trial court again sentenced defendant to a term of life in prison with the possibility of parole for the attempted murder, a consecutive three-year term for the finding of great bodily injury, and a consecutive one-year term for the personal use of a deadly weapon. With respect to the assault conviction, the court found the aggravating circumstances far exceeded any circumstances in mitigation and reimposed the upper term of four years.

Defendant appeals. Upon defendant's request, the trial court recalculated defendant's custody credits and awarded 1,221 days of custody credits for actual time served up to the date of his resentencing, 112 presentencing conduct credits, and postsentencing conduct credits to be calculated by the Department of Corrections and Rehabilitation.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.


/s/
ROBIE, Acting P. J.



We concur:



/s/
DUARTE, J.



/s/
ASHWORTH, J.*

---

*    Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.